UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOUD RECORDS LLC, a Delaware corporation;
ARISTA RECORDS LLC, a Delaware limited
liability company; ATLANTIC RECORDING
CORPORATION, a Delaware corporation; BMG
MUSIC, a New York general partnership;
CAPITOL RECORDS, INC., a Delaware
corporation; ELEKTRA ENTERTAINMENT
GROUP INC., a Delaware corporation;
FONOVISA, INC., a California corporation;
INTERSCOPE RECORDS, a California general
partnership; LAFACE RECORDS LLC, a
Delaware limited liability company; MAVERICK
RECORDING COMPANY, a California joint
venture; MOTOWN RECORD COMPANY, L.P.,
a California limited partnership; PRIORITY
RECORDS LLC, a California limited liability
company; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; UMG RECORDINGS, INC., a
Delaware corporation; VIRGIN RECORDS
AMERICA, INC., a California corporation;
WARNER BROS. RECORDS INC., a Delaware
corporation; and ZOMBA RECORDING LLC, a
Delaware limited liability company,

    Plaintiffs,

  -against-

DOES 1 - 30,

    Defendants.



'07 CIV 9291

Civil Action No.:

JUDGE KEENAN

JUDGE KEENAN'S CHAMBERS

OCT 17 2007

RECEIVED

---

## *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

  Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

  In support thereof, Plaintiffs represent as follows:

1.   Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identities of Doe Defendants, who are being sued for direct copyright infringement.

2.   As alleged in the complaint, the Doe Defendants, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true names of the Doe Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and time of that Defendant's infringing activity.

3.   Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify each Defendant's true name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses. Without this information, Plaintiffs cannot identify the Doe Defendants or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4.   Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Dated: New York, New York
October 17, 2007

By: _____
Brian E. Moran (BM-8573)
Richard J. Guida (RG-5147)
Robinson & Cole LLP
885 Third Avenue, Suite 2800
New York, NY 10022-4834
Telephone: (212) 451-2900
Fax: (212) 451-2999

3